FANNY RAY ET AL v. DANIEL RAY'S ADMINISTRATOR ET AL.

**Decedant's Estate—Memorandum Book—Evidence.**
  A memorandum book kept by the intestate as to advancements is competent evidence.

**Parol Gift.**
  The memorandum, "I intend him to have the tract he lives on, which is to be surveyed and valued," establishes a parol gift of the land.

APPEAL FROM GARRARD CIRCUIT COURT.

December 16, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

If it was technically erroneous to adjudge a division of the estate of the intestate among his heirs without Zachary Ray's children being parties, they being minors and beneficiaries in the deed he made to the trustee for the use and benefit of his wife and children, to all his interest in and to his father's estate, although both Zachary and the trustee were parties, yet as these minor children and their mother were parties before the report of the commissioner dividing the estate was confirmed, and they took various exceptions to its confirmation and were heard before their exceptions were adjudicated, and as the adjudication was correct with the single exception of allowing two hundred dollars rent against Zachary Ray for the year 1864, we see no reason to disturb said judgment further than to correct this single item. The memorandum book kept by the intestate as to the advancements made to his children was both competent and credible evidence, and the court properly charged Zach Ray with the items so charged against him, the memorandum made in said book by intestate that "I intend him to have the tract of land he lives on, supposed to contain 100 acres, which is to be surveyed and valued, together with the continued occupancy of said land down to his father's death establish a parol gift of the land, the survey and

valuation contemplated were merely to ascertain the quantity and what amount he should be charged therefor by way of advancements.

As the heirs might either confirm or repudiate this gift, he should not be charged with rents until some unequivocal notification that the gift would not be ratified, which, in this instance, was by the bringing of the suit January 9, 1865. As this two hundred dollars overcharge against Zach Ray and which affects his wife and children can be adjusted out of the personal assets, it will be unnecessary to disturb the division of the land. Judgment reversed.

*Bradley,* for appellants.

*Dunlap & Anderson,* for appellees.